UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, <br><br> _____ <br><br> This document relates to: <br><br> LaFrance v. Dura Pharmaceuticals, et al., No. 2-cv-1743 | MDL NO. 1407 <br><br> ORDER GRANTING ELAN PHARMACEUTICALS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTIONS TO STRIKE, FOR LEAVE TO FILE SECOND SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES, AND TO SUBSTITUTE PROPER PARTY DEFENDANT |

I.   INTRODUCTION

Before the court are the following motions: (1) Elan Pharmaceuticals' ("Elan") motion for summary judgment; (2) plaintiff's motion for leave to file second supplemental and amending petition for damages pursuant to Rule 15 of the Federal Rules of Civil Procedure; plaintiff's motion to substitute proper party defendant pursuant to Rule 25 of the federal rules; and plaintiff's motion to strike Procter & Gamble Pharmaceuticals, Inc.'s ("P&G") memorandum in opposition to the motions to amend the petition and to substitute proper party defendant. Plaintiff

ORDER
Page - 1 -

did not oppose the summary judgment motion, conceding that she does not have a cognizable claim against Elan.  Plaintiff has also conceded that Federal Rule 25 is not applicable to the present action, thereby effectively abandoning her motion to substitute P&G as a proper party defendant. In addition, although the title of the motion to strike indicates that it is a motion to strike P&G's opposition to both plaintiff's motion to substitute P&G as a proper party defendant and plaintiff's motion to amend, the text of the motion to strike makes it clear that plaintiff only seeks to strike P&G's opposition to the Rule 25 motion. Because plaintiff has conceded that Rule 25 is not applicable to the present proceedings, plaintiff's motion to strike is moot. Accordingly, the only motion that is currently before the court is plaintiff's motion to amend the petition for damages pursuant to Federal Rule 15.  Having reviewed the Rule 15 motion, P&G's memorandum in opposition to it, and the reply thereto, the court hereby finds and rules as follows:

## II.    FACTUAL BACKGROUND

Plaintiff alleges that she suffered a stroke in 1994 and a myocardial infarction in 1998. She claims that both of these episodes were caused by her ingestion of Entex, a PPA-containing product. On November 8, 2001, she commenced an action against Bayer Corporation and Delta Drug Co. in Louisiana. On February 6, 2002, she amended her complaint and added Dura Pharmaceuticals, Inc. as a defendant.

P&G manufactured Entex in 1994, but sold the rights to the product to Dura Pharmaceuticals in 1996. The purchase agreement between the two companies states that Dura Pharmaceuticals does not assume any of P&G's liabilities for Entex. In 2001, Dura Pharmaceuticals merged into Elan and Elan assumed Dura Pharmaceutical's liabilities. Thus, at the time of plaintiff's alleged injury in 1994, P&G was responsible for any liability associated with Entex, and at the time of plaintiff's injury in 1998, Elan was responsible for the product.

In June 2003, the court issued its _Daubert_ ruling in which it held that the MDL Plaintiffs' expert testimony with regard to the association between cardiac injury and PPA was inadmissible. As a result of that ruling, plaintiff no longer has a viable claim against Elan--Elan cannot be liable for plaintiff's alleged stroke injury in 1994 because Elan did not manufacture Entex in 1994 and Elan cannot be liable for plaintiff's 1998 cardiac injury because of the court's June 2003 _Daubert_ ruling. Counsel for Elan sent plaintiff's counsel two letters in 2004 requesting that plaintiff voluntarily dismiss it. Plaintiff did not respond and Elan filed its summary judgment motion. Plaintiff did not oppose the motion, but instead, filed the motions to amend and substitute P&G as a defendant.

### III. ANALYSIS

As a general rule, leave to amend should be "freely given when justice so requires." Fed.R.Civ.P. 15(a). However, leave to amend is not automatic. Four factors are commonly used to

ORDER
Page - 3 -

determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of the amendment. DCD Programs, Ltd. et al. v. Leighton, et al., 833 F.2d 183, 186 (9th Cir. 1987).

In opposition to the motion to amend, P&G argues that the amendment would be futile as plaintiff's claims are time-barred. A proposed amendment is futile for purposes of denying a motion to amend where no set of facts may be proven under the amendment to the pleadings that would constitute a valid and sufficient claim or defense. Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). As such, the standard for determining whether an amended complaint is legally sufficient to overcome an argument that the amendment would be futile is the same as determining the legal sufficiency of a complaint under Federal Rule 12(b)(6). Id.

The parties do not dispute that under Louisiana law, the statute of limitations relating to plaintiff's claims is one year. La. Civ. Code Ann. art. 3492. It is also undisputed that the statute may be tolled until the date that plaintiff knew or should have known of the connection between defendant's conduct and her injury. Griffin v. Kronenberger, 507 So.2d 821 (La. 1987). Generally, the party asserting the statute of limitations defense bears the burden of proof. Bailey v. Khoury, 891 So.2d 1268, 1275 (La. 2005). However, the burden shifts to the plaintiff if the complaint reveals on its face that her claims are time-barred. Id.

1    P&G asserts that, at the latest, the statute of limitations
2 began to run on November 6, 2000, the date of the FDA health
3 advisory recommending that PPA be removed from over-the-counter
4 medication, and manufacturers voluntarily ceased marketing PPA-
5 containing products. During this time there were numerous
6 television, newspaper and internet reports concerning the
7 announcement and the link between PPA and certain injuries.
8 Plaintiff filed the complaint on November 8, 2001. As such, P&G
9 argues that even if the court were to allow plaintiff to amend
10 her complaint, and the amendment dated back to the date of the
11 original complaint, her claims are time-barred.
12     In response, plaintiff claims that she did not know that
13 the product she took contained PPA or that PPA was connected
14 with her stroke. However, plaintiff does not deny that on
15 November 6, 2000 she was aware of the FDA health advisory. Nor
16 does she deny being aware of the news reports connecting PPA to
17 strokes. She was aware that she had suffered a stroke. She was
18 also aware that she had ingested an over-the-counter cold and
19 cough product prior to her stroke. Therefore, the court finds
20 that, on November 6, 2000, plaintiff was on notice that she had
21 a potential claim and she had one year from that date to
22 discover the casual relationship between P&G's product and her
23 injury. The one year period expired before plaintiff filed her
24 claim. As such, the court finds that the claims against P&G are

ORDER
Page - 5 -

time-barred, rendering plaintiff's proposed amendment futile.[1]

IV.   CONCLUSION

Based on the foregoing, the court hereby GRANTS Elan's motion for summary judgment. Plaintiff's claims against Elan are hereby dismissed with prejudice. The court DENIES plaintiff's Motion For Leave to File Second Supplemental and Amending Petition for Damages pursuant to Federal Rule 15.  The court also DENIES plaintiff's Motion to Substitute Proper Party Defendant pursuant to Federal Rule 25. In addition, the court STRIKES plaintiff's Motion to Strike P&G's Memorandum in Opposition to Plaintiff's Motion to Substitute Proper Party Defendant and Motion for Leave to File Second Supplemental and Amending Petition for Damages.

Dated this 31st day of May, 2005 in Seattle, Washington.

BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT COURT JUDGE

---

[1] Plaintiff also failed to timely investigate her claims. She missed several opportunities to discover that P&G manufactured Entex products from 1982 to 1996. This information was disclosed in response to the MDL Plaintiffs' First Master Set of Interrogatories. In addition, a copy of the Agreement for the Purchase and Sale of Entex Assets between P&G and Dura Pharmaceuticals is contained in the MDL 1407 document depository. Plaintiff was also notified of the sale by Elan's counsel in late 2004. Plaintiff's failure to investigate her own claims, and the resulting undue delay in her attempt to add P&G as a party, would significantly prejudice P&G in its ability to defend itself against plaintiff's claims.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

ORDER
Page - 7 -