UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, | MDL NO. 1407 |
| _____ This document relates to: Norma LaFrance v. Bayer Corporation, et al., No. 2-cv-1743. | ORDER DENYING MOTION FOR RECONSIDERATION |

Plaintiff moves the court to reconsider its May 31, 2005 Order Granting Elan Pharmaceuticals' Motion for Summary Judgment and Denying Plaintiff's Motions to Strike, for Leave to File Second Supplemental and Amending Petition for Damages, and to Substitute Proper Party Defendant (the "May 2005 Order"). Having reviewed the motion, and, being fully advised, the court finds and concludes as follows:

Local Rule 7(h) provides:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Plaintiff has not shown either manifest error or new facts or

ORDER
Page - 1 -

legal authority that could not with reasonable diligence have been brought to the court's attention earlier.

In the present motion, plaintiff argues, for the first time, that on November 6, 2000 she was not put on notice of her potential claim because the PPA-containing product she allegedly ingested prior to her injury was a prescription product. This argument does not raise new facts or legal authority. Nor is it accurate. The November 6, 2000 FDA report specifically referenced both over-the-counter and prescription products.

Plaintiff further argues that the court's failure to consider her Motions to Strike and to Substitute Proper Party Defendant pursuant to Federal Rule 25 constitutes manifest error. Plaintiff conceded the Rule 25 motion (thereby also rendering the Motion to Strike moot), but even if the plaintiff had not, it is harmless error because it would not change the outcome of the May 2005 Order. Rule 25(c) specifically applies only to transfers that occur during the pendency of litigation. <u>Hilbrands et al. v. Far East Trading Co., Inc.</u>, 509 F.2d 1321 (9th Cir. 1975)("[r]ule 17(a) would control if an interest was transferred prior to the commencement of the suit. Rule 25(c)F.R.Civ.P. applies if the transfer occurs during the pendency of the litigation.") The Purchase and Sale Agreement between Procter & Gamble Pharmaceuticals, Inc. and Dura Pharmaceuticals closed on July 1, 1996. Plaintiff filed her action in November 2001, well after the transfer of interest was completed. Thus, Rule 25(c) is

ORDER
Page - 2 -

inapplicable to this matter.

For the above reason, the court hereby DENIES plaintiff's motion for reconsideration.

DATED at Seattle, Washington this 5th day of July, 2005.

*Barbara J. Rothstein*
BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT COURT JUDGE

ORDER
Page - 3 -